McSmith v. McCaffery                                                                Doc. 5

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DEREK LEROY McSMITH

VERSUS                                              CIVIL ACTION

LEONARD McCAFFERY, ET AL                            NUMBER 07-88-JVP-SCR


### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 8, 2007.

                                      STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

Dockets.Justia.com

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEREK LEROY McSMITH

VERSUS                                       CIVIL ACTION

LEONARD McCAFFERY, ET AL                     NUMBER 07-88-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff Derek Leroy McSmith, filed this action pursuant to 42 U.S.C. § 1983 against Baton Rouge City Police Officer Leonard McCaffery and the City of Baton Rouge. Plaintiff alleged that he was subjected to malicious prosecution. Plaintiff amended his complaint to allege that the City of Baton failed to comply with the Louisiana Public Records Act.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir.

1992). Dismissal under 28 U.S.C. § 1915 may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

Plaintiff alleged that on October 2, 2006, McCaffery charged the plaintiff and Jason Cador with a criminal offense and issued each of them a summons to appear in court on December 1, 2006. Plaintiff alleged that Cador did not appear and a bench warrant was issued for his arrest. Plaintiff alleged that because Cador failed to appear, the prosecution against the plaintiff has been abandoned.

A claim of malicious prosecution standing alone does not rise to the level of a constitutional violation. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003)(en banc).

Plaintiff amended his complaint to allege that the City of Baton Rouge violated the Louisiana Public Records Act. Plaintiff sought an order directing the city to respond to the plaintiff's public records request.

The United States District Court lacks jurisdiction to review

2

actions in the nature of mandamus to compel state officers or employees to perform duties owed the plaintiff. 28 U.S.C. § 1361.

Plaintiff sought to invoke the supplemental jurisdiction of this court. District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law, the claim substantially predominates over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915.

Baton Rouge, Louisiana, February 8, 2007.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE